CORNELIUS ST. JOHN vs. EASTERN RAILROAD COMPANY.

Under a declaration alleging that the defendants are a corporation owning a railroad, and the plaintiff was a passenger thereon, and the defendants, by their agents, assaulted him and expelled him from their cars, if the assault is proved, the burden of justifying it rests upon the defendants, as in ordinary cases.

TORT. The declaration was as follows: "And the plaintiff says the defendants are a corporation owning a railroad, and the plaintiff was a passenger thereon, and the defendants, by their agents and servants, made an assault upon the plaintiff, and beat him and evil treated and imprisoned him, and forcibly expelled and ejected him from the defendants' cars; to the damage," &c. .

At the trial in the superior court, it appeared that the plaintiff paid his fare and was a passenger over the defendants' road from Salem to Lynn; and that he remained in the cars after they passed Lynn, and was put off from the train by the conductor. The plaintiff introduced evidence tending to show that he did not know when the cars reached Lynn, and did not hear the conductor's call when approaching the station there, and that he afterwards tendered to the conductor his fare to Boston. The defendants introduced evidence tending to show that the plaintiff was seeking to evade payment of his fare beyond Lynn, and that he either designedly or carelessly remained in the cars after passing the station there, and refused to pay his fare beyond that place. *Brigham*, J., instructed the jury that upon the plaintiff's declaration the burden of proof was upon him to show that he was a passenger rightfully in the cars of the defendants; and that, being so there as a passenger, he was assaulted and expelled by the servant of the defendants. The verdict was for the defendants, and the plaintiff alleged exceptions.

*E. M. Bigelow*, for the plaintiff, cited *St. Louis, Alton & Chicago Railroad* v. *Dalby*, 19 Ill. 366. *Moore* v. *Fitchburg Railroad*, 4 Gray, 465. *Loring* v. *Aborn*, 4 Cush. 608. *Hannen* v. *Edes*, 15 Mass. 347. *Simpson* v. *Morris*, 4 Taunt. 821.

*C. M. Ellis,* for the defendants.

DEWEY, J.* The general rule certainly is that, in an action of trespass for an assault upon the person, the plaintiff having established the allegations in his declaration as to the assault and beating, any excuse or justification therefor is to be shown by the defendants. The burden of proof upon this point would be upon the defendants, although the evidence to establish the jus tification may be found as well in the proof offered by the plain- tiff as by that of the defendants. The court, on the trial of the present case, while they recognized the general principle to be as above stated, took a distinction as to this case, and held that under the plaintiff's declaration this burden was not thrown upon the defendants. The theory of the court seems to have been that the plaintiff's cause of action was a claim for dam- ages for illegally interfering with his rights as a traveller, whom they were bound to carry over their road, and for depriving him of this right by putting him out of the cars. It is said that the language of the plaintiff's declaration justifies such a view of the case. But, in the opinion of the court, the case set forth in the declaration is nothing more than an action for an assault and battery upon the person of the plaintiff while he was a pas- senger, or occupying a place in the cars. It does not present the question as it would have arisen, if the declaration had alleged that the plaintiff was a passenger in the cars having a legal right to be carried therein from Lynn to Boston, and the defendants, by force and by means of violence to his person, deprived him of the enjoyment of this legal right. In such case the burden might have been on the plaintiff to show as well his legal right to be carried in the cars to Boston as the violence to his person. The present case is of a different character, and the gravamen is an assault and beating the plaintiff while an actual passenger in the cars, and forcibly ejecting him therefrom ; and, if this was proved, the burden of excusing or justifying such assault and battery would rest upon the defendants.

*Exceptions sustained.*

---

\* BIGELOW, C. J., did not sit in this case.